IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JADER CUERO HINESTROZA,

                       Petitioner,

v.

E. EMMERICH and BRIAN SKELLY,

                       Respondents.

OPINION and ORDER

24-cv-816-jdp

---

Jader Cuero Hinestroza, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons to apply First Step Act time credits entitling him to early release in March 2028. I will deny his petition.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions like this one brought under § 2241.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this petition brought by an unrepresented petitioner, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Cuero Hinestroza states that his projected release date is March 10, 2029, and with a year's worth of his earned First Step Act time credits, he should be released on March 19, 2028. But the Bureau of Prisons refuses to apply those credits, stating that he is subject to a final order of removal issued by United States Immigration and Customs Enforcement. *See* Dkt. 1-1.

---

[1] *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

Because of that order he is ineligible to have First Step Act time credits applied to his sentence. *See* 18 U.S.C. § 3632(d)(4)(E)). Cuero Hinestroza says that this order is void because he does not meet the definition of "alien" under the immigration statutes.

I will deny Cuero Hinestroza's petition as premature. "The First Step Act allows for earned time credits to be applied towards supervised release or prerelease custody only when the inmate has earned time credits that equal the remainder of the sentence." *Geraghty v. Keyes*, No. 23-cv-528-jdp, 2023 WL 7353187, at *1 (W.D. Wis. Oct. 2, 2023) (internal quotation omitted). Cuero Hinestroza is more than three years away from the release date that he believes that he is entitled to; it is too early for me to consider having the government respond to the petition. If Cuero Hinestroza gets within six months of the early-release date that he believes that he is entitled to, and the BOP refuses to apply his credits, he may refile his petition. In the meantime, he should consider appealing the underlying immigration decision and seeking review of the BOP's decisions through its administrative remedy process.

ORDER

IT IS ORDERED that:

1. Petitioner Jader Cuero Hinestroza's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED without prejudice.

2. The clerk of court is directed to enter judgment and close this case.

Entered December 12, 2024.

BY THE COURT:

/s/_____
JAMES D. PETERSON
District Judge